# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-413V
(not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| CHRISTOPHER STEPHEN FENNELL, | \* | |
| | \* | Special Master Corcoran |
| | \* | |
| Petitioner, | \* | Filed: February 13, 2018 |
| | \* | |
| v. | \* | Decision; Attorney's Fees and Costs; |
| | \* | Influenza ("flu") Vaccine; Acute |
| SECRETARY OF HEALTH | \* | Demyelinating Encephalomyelitis |
| AND HUMAN SERVICES, | \* | ("ADEM"). |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Caryn Suzanne Fennell,* Caryn S. Fennell, P.C., Woodstock, GA, for Petitioner.

*Glenn Alexander MacLeod*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## FINAL ATTORNEY'S FEES AND COSTS DECISION[1]

On April 1, 2016, Christopher Stephen Fennell filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that the Influenza ("flu") vaccine he received on September 24, 2014, caused him to develop Acute Demyelinating Encephalomyelitis ("ADEM"), neuropathy, and hearing loss. Petition (ECF No. 1) ("Pet.") at 1. After the filing of the Statement of Completion, on September 29, 2016 (ECF No. 11), Respondent entered a Stipulation for Award on July 18, 2017, in the amount of $185,000.00

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

(ECF No. 21). I entered a Decision approving the Stipulation that same day. *See* Decision, dated July 18, 2017 (ECF No. 24).

Petitioner has now filed a motion requesting final attorney's fees and costs, dated January 24, 2018. *See generally* Motion for Attorney Fees ("Fees App.") (ECF No. 32); *see also* Supplement to Attorney Fees Motion ("Supp. Mot."), dated February 9, 2018 (ECF No. 34). Petitioner requests reimbursement of $21,408.15 in total (representing $19,966.64 in fees and $1,441.51 in costs). *Id.*

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding attorney's fees in the total amount of $21,930.01 (representing $20,488.50 in attorney fees and $1,441.51 in costs).

## Procedural History and Fee Request

This action has been pending nearly two years. Pet. at 1. Following the filing of the Petition in early April 2016, the case proceeded in a timely manner, with Petitioner filing medical records from April through August 2016. *See* ECF Nos. 1, 9. Thereafter, the parties filed the Statement of Completion on September 29, 2016 (ECF No. 11). Following settlement negotiations, Respondent entered a Stipulation for Award, and I approved the Stipulation that same day.

Petitioner filed the pending fees application on January 24, 2018 (ECF No. 32). In it, Petitioner specifically requests that his counsel, Caryn Fennell of Caryn Fennell, P.C., in Woodstock, Georgia, be compensated at a rate of $350 per hour for 78.5 hours of work performed in 2016-2017. Fees App. at 9, 11. Throughout that time period, the majority of the week performed included reviewing medical records, participating in settlement negotiations, and communicating with Petitioner. *See* generally Fees App. Petitioner does not request paralegal fees associated with this matter. *Id.*

Furthermore, Petitioner indicated in the fee application that counsel reduced her overall fee request (which based on the 78.5 hours billed, would be $27,632.00) by over 25% given her "identified learning curve" in the Vaccine Program. *Id.* at 1. In total, Petitioner requests that his counsel be compensated for $21,408.15 (representing $19,966.64 in fees and $1,441.51 in costs).[3]

---

[3] On February 9, 2018, Petitioner supplemented the record with additional documentation needed to analyze her fee award (specifically, Petitioner submitted receipts evidencing her requested costs). *See generally* Supp. Motion. In the supplemental filing, Petitioner also reduced her costs by $527.85 (representing a total costs reduction from $1,969.36 to $1,441.51). *Id.* at 1-2. This resulted in a reduction of her total fee request from $21,936.00 to $21,408.15. *Id.* at 2.

Petitioner has not represented that he incurred any other personal costs related to this matter.[4]

Respondent reacted to the fees request on January 31, 2018, indicating that he was satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion in determining the amount to be awarded. ECF No. 33 at 2-3.

## Analysis

### I. Relevant Law Governing Attorney's Fees

Vaccine Program petitioners who receive compensation for their injuries are by statute entitled to an award of "reasonable" attorney's fees and costs. Section 15(e)(1). To this end, special masters have discretion in determining what a reasonable fees award is, and may reduce hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009).

Determining the appropriate amount of a fees to award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down. *Avera*, 515 F.3d at 1348.

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, DC, for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera,* 515 F.3d at 1348 (Fed. Cir. 2008, citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)).  As the Federal Circuit stated in *Avera*, inclusion of the *Davis* exception ensures against a "windfall" – meaning paying a lawyer in a rural or less expensive locale more than she would otherwise earn, simply because she is litigating a case in a court of national jurisdiction. *Avera,* 515 F.3d at 1349. *McCulloch* established the hourly rate ranges for attorneys of different levels of experience who are entitled to the forum rate. *See McCulloch v.*

---

[4] Petitioner did not file a General Order No. 9 Statement in connection with his fee application (although he erroneously titled it as a "General Order No. 9 Statement"). I therefore deem Petitioner to have waived any additional costs not otherwise requested herein.

*Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

After the hourly rate is determined, the reasonableness of the total hours expended must be determined. *Sabella*, 86 Fed. Cl. at 205-06. This inquiry mandates consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley v. Eckerhart*, 461 U.S. 424, 437(1983).

II.   **Calculation of Fee Award**

With all of the above in mind, I turn to Petitioner's request for a rate of $350 per hour for Ms. Fennell for her work performed in 2016-2017. As established in *McCulloch*, an hourly rate of $350 is reserved for those attorneys who practice in forum and who possess roughly ten years of experience of relevant experience. *See McCulloch*, 2015 WL 5634323, at *21. Ms. Fennell practices in Woodstock, Georgia, a suburb of Atlanta. Although Petitioner has not specifically argued that Woodstock, Georgia is an in-forum locale, Petitioner <u>does</u> request forum rates. *See* Fees App. at 9, 11. For support of the reasonable rate request, counsel states that she conferred with the Court of Claims Bar Association, and determined that attorneys in the Court typically charge between $350-$450 per hour. *See* Ex. A to Fees App. (Ex. 32) at 7. She also indicated that her rate was consistent with the rate charged in her locale. *Id.* at 5. However, these statements made by Petitioner are not entitled to significant weight in determining the appropriateness of awarding forum rates to Ms. Fennell, because they do not evidence rates paid to Atlanta-area lawyers for work *comparable to Vaccine Program work*. *See Rivera v. Sec'y of Health & Human Servs.*, No. 15-487V, 2017 WL 2460690, at *3 (Fed. Cl. Spec. Mstr. Apr. 20, 2017).

Regardless, I find that Ms. Fennell is entitled to forum rates. Attorneys in Atlanta have been consistently awarded *McCulloch* forum rates in the Program. *See, e.g., Means v. Sec'y of Health & Human Servs.*, No. 12-740V, 2017 WL 2856411, at *1 (Fed. Cl. Spec. Mstr. June 5, 2017). In addition, it is well settled in the Vaccine Program that suburb locales can be considered equivalent to an in-forum locale where the suburb rates are not significantly disproportionate to the relevant urban area. *See Echevarria v. Sec'y of Health & Human Servs.*, No. 15-100V, 2016 WL 6872975, at *3 (Fed. Cl. Spec. Mstr. Oct. 28, 2017); *Pelton v. Sec'y of Health & Human Servs.*, No. 14-674V, 2017 WL 3378773, at *4 (Fed. Cl. Spec. Mstr. July 12, 2017). This determination is also consistent with my own decision finding that a suburb locale is entitled to forum rates based on the rates awarded to its counterpart city. *See Mikkelson v. Sec'y of Health & Human Servs.*, No. 15-867V, 2016 WL 6803786, at * 2 (Fed. Cl. Spec. Mstr. Oct. 3, 2016) (determining that Vienna, VA is a forum locale based on its nearness to Washington, DC). Furthermore, in a recent case, I found that Fayetteville, Georgia (also a suburb of Atlanta) is an in-

forum locale. *See Halm v. Sec'y of Health & Human Servs*., No. 17-338V, slip. op. 8 (Fed. Cl. Spec. Mstr. Dec. 19, 2017).

Now that I have determined that the Ms. Fennell will receive in-forum rates, I must decide what rate within the *McCulloch* range is appropriate. Ms. Fennell has been practicing law for roughly seven years. However, this case appears to be Ms. Fennell's first case in the Vaccine Program (a fact she acknowledges). Under *McCulloch*, the rate range for an attorney of her experience (between four and seven years) is $225-300 for 2016 and $230-$307 for 2017, with $300 and $307 representing the high-end of the range. *See* Attorney's Forum Hourly Rate Fee Schedule: 2017.[5] Ms. Fennell's requested a rates of $350 per hour for 2016-2017, are at the highest end of the rate schedule for an attorney with eight to ten years of experience. The requested rate will be adjusted as it does not correspond with Ms. Fennell's limited Vaccine Program experience and years of practice experience. I will instead compensate Ms. Fennell at a rate of $290 per hour for the work completed in this matter.

I otherwise do not find any particular billing entries to be objectionable, nor has Respondent identified any as such. As noted above, in calculating the requested fees and costs award, Petitioner voluntarily reduced his counsel's overall request by 25% (including her costs). *See* Fees App. at 1. However, I will reduce the amount awarded by only 10%, resulting in an attorney's fee award of $20,488.50. Although I appreciate counsel's self-imposed learning curve reduction of 25%, I find that any appropriate fee reduction is accounted for in my *McCulloch* rate range reduction, along with a smaller learning curve deduction.

Petitioner also requests a total of $1,441.51 in costs associated with this matter. *See* Supp. Mot. at 2. The requested costs include the filing fee, mailing and postages expenses, copy costs, and medical records expenses. *See* Fees App. at 9-13. Petitioner further requests costs associated with counsel's travel to Arizona to meet with Petitioner's treating physicians. *Id.* at 9, 12; *see also* Supp. Mot. at 1. These costs appear reasonable and will be awarded in full. Accordingly, I will award a total of $21,930.01 (representing $20,488.50 in attorney fees and $1,441.51 in costs), resulting in a $521.86 increase from Petitioner's final request. *See* Supp. Mot. at 2.

## CONCLUSION

For the aforementioned reasons, I award a total of $21,930.01 (representing $20,488.50 in attorney fees and $1,441.51 in costs) as a lump sum in the form of a check jointly payable to Petitioner and his counsel, Caryn Fennell, Esq. In the absence of a motion for review filed pursuant

---

[5] The Attorney's Forum Hourly Rate Fee Schedule: 2017 is available on the Court's website (http://www.uscfc.uscourts.gov/node/2914).

to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the Parties' joint filing of notice renouncing the right to seek review.